# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| IN RE:<br><br>John Romanus Frei, II<br>Dina Jean Frei,<br><br>Debtor(s). | CHAPTER 13<br><br>Case No. 20-00831-NGH |
|---|---|

# ORDER CONFIRMING CHAPTER 13 PLAN

IT HAVING BEEN DETERMINED AFTER NOTICE AND HEARING THAT:

    1. The chapter 13 plan, Docket No. 35, complies with the provisions of 11 U.S.C. § 1325.

    2. Debtor(s) filed all state and federal tax returns required by law to be filed for all taxable periods ending the 4-year period prior to the filing of this bankruptcy.

    3. Debtor(s) have paid all domestic support obligations, as defined in 11 U.S.C. § 101(14A), that first became due and payable after the filing of this bankruptcy which they were required to pay by a judicial or administrative order or by statute.

    4. Debtors and Trustee agree to the following:

   a. Debtors acknowledge that Form 122C is incorrect: Debtors have understated their income, overstated their expenses, and are not using all of their disposable income. Debtors acknowledge that a correct Form 122C would require that unsecured creditors receive 100% of their allowed claims.

   b. Debtors agree that in the event the plan is modified to remove the provision that Frei Farms will make two lump sum payments of $41,000 each to the Trustee, then:

    a) The trustee is not estopped from modifying the plan to require Debtors to use all of their disposable income nor is the trustee estopped from objecting to Debtors' expenses that exceed the IRS allowances,
    b) Debtors will need to obtain Trustee or Court approval to incur post-petition operating loans for the benefit of Frei Farms,
    c) Debtors will be required to provide quarterly operating reports for Frei Farms including corresponding bank statements,
    d) Debtors agree that the provision in paragraph 8.1 surrendering Debtors interest in Frei Farms is void. Additionally, Debtors shall not be permitted to transfer their interest in Frei Farms or any other assets unless they receive sufficient consideration to pay off their unsecured creditors.

IT IS HEREBY ORDERED THAT:

ORDER−1

The Chapter 13 Plan is confirmed and related motions are granted, incorporating the following modifications:

A. In lieu of committing their disposable income to fund the plan pursuant to 11 U.S.C § 1325(b)(2)(B) and due to their 122C being incorrect, Debtors are electing to pay all the allowed unsecured claims in full pursuant to § 1325(b)(2)(A). Unsecured creditors will be paid 100% of their allowed claims.

B. Notwithstanding the provisions of paragraph 2.4 of the plan that Debtors will make one lump sum payment of $41,000 in December 2020 and a lump sum payment of $41,000 in January 2021, trustee has been advised by a representative of Cottonwood Community Credit Union that they will not loan Frei Farms the funds to buyout Debtors' interest in the Partnership of Frei Farms until a Partnership Buyout/Transfer Agreement is executed transferring Debtors' interest in Frei Farms to the Partnership. The Credit Union is unwilling to do this until the plan is confirmed and property of the estate revests in the Debtors however, Trustee has a duty to protect the unsecured creditors and is concerned that the property will be transferred before the funds are turned over. Therefore, the plan is modified such that the Debtors will make the two lump sum payments of $41,000 each within 30 days of the case being confirmed and after the Partnership Buyout/Transfer Agreement has been executed instead of in December 2020 and January 2021 as set forth in paragraph 2.4 of the plan.

C. The parties further acknowledge and agree that Cottonwood Community Credit Union will pay the Trustee the sum of $82,000 upon the Partnership Buyout/Transfer Agreement being executed by the Debtors and their Partners. The parties further understand and agree that in the event that the funds are not turned over to the Trustee to pay off the creditors, then the transfer of Debtors' interest in Frei Farms is void and held for naught.

D. In the event the plan is modified to remove the provision in paragraph 2.4 of the plan that Frei Farms will make two lump sum payments of $41,000 each and the Debtors interest in Frei Farms is not transferred, then the Trustee is not estopped from requiring Debtors to use all of their disposable income to fund this plan nor is she estopped from objecting to Debtor's expenses. Additionally, Debtors will be required to obtain Trustee or Court approval to incur post-petition operating loans for the benefit of Frei Farms, Debtors will also be required to provide quarterly operating reports for Frei Farms including corresponding bank statements, and the provision in paragraph 8.1 of the plan that is transferring Debtors interest in Frei Farms is void. Additionally, Debtors shall not be permitted to transfer their interest in Frei Farms unless they receive sufficient consideration to pay off their unsecured creditors. \\end of text\\.

DATED: March 2, 2021



NOAH G. HILLEN
U.S. Bankruptcy Judge

/s/_____
Kathleen McCallister, Trustee

/s/_____
Holly E Sutherland, Counsel for the Debtor(s)

ORDER−2

/s/_____
Derrick O'Neill, Counsel for Frei Farms

/s/_____
John Romanus Frei, II, Debtor

/s/_____
Dina Jean Frei, Debtor


/s/_____
Kathleen McCallister, Trustee

/s/_____
Holly E Sutherland, Counsel for the Debtor(s)

/s/_____
Michelle Lee Toney, Debtor

ORDER−3